HARRIS
*vs*
GRANGER, &c.

When husband aliens during coverture, widow is not entitled to rents even from the commencement of suit.

---

## Harris *vs* Granger, &c.

ERROR TO THE SIMPSON CIRCUIT.

*Rescission of Contracts. Practice.*

JUDGE MARSHALL delivered the opinion of the Court.

CHANCERY.

*Case* 68.

*April* 8.

IT sufficiently appears that the elder patent of Chism covers thirty-two acres of the one hundred and eighteen acres sold by Harris to Granger, and the evidence conduces to prove, but not very clearly, that the whole of the interference is, and has long been, held in possession under the elder patent. Assuming it for the present as being established, as between Harris and Granger, that thirty-two acres of the land have been lost to Granger by reason of a superior claim, and the question is whether this loss constitutes a sufficient ground for rescinding the contract of sale which is still executory.

That contract contains a stipulation that in case of loss of any part of the land by a superior claim there should be a reasonable deduction from the purchase money, the whole of which still remains unpaid. And as the parties have, by their contract, made this provision for the case of loss, a court of equity should allow the provision to take effect, and should not rescind the contract entirely, unless there was fraud, imposition or such gross mistake in regard to the subject of the contract as would render its enforcement unjust and oppressive. Now, altho

Where a contract for the sale of land stipulates for a deduction from the price agreed on, in case of loss of any portion of the land sold, there should be no rescission unless there was fraud, imposition or such gross mistake in regard to the sub-

HARRIS
*vs*
GRANGER, &c.

ject of the con-
tract as would
render its en-
forcement un-
just.

it is alledged and admitted that Harris represented that Chism claimed only six or eight acres, it is also alledged, on the side of Harris, that Granger was informed by Chism of the extent of his claim before the sale was made. The deposition of Chism conduces to prove this allegation, and is uncontradicted, and there is no proof that Harris, who resided at a distance, had any other knowledge of the extent of the interference than was possessed by Granger. And as not more than *six or eight* acres of the interference was enclosed by Chism, and the possession outside of the enclosure seems to have been constructive only, and there is no evidence establishing any other possession in either party, it may be presumed that Harris, who, as well as his grantor, claimed to have been in possession, to the extent of his boundary for more than twenty years, honestly supposed that he was so possessed, except as to the land enclosed by Chism and also supposed that Chism had, in truth, no valid claim to the interference beyond the six or eight acres so enclosed, for it does not appear that Harris was ever apprised of the comparative dates of the two patents. We are of opinion, therefore, that there was no fraud or imposition on the part of Harris, and altho both he and Granger may have been mistaken as to the extent of the possession of Harris, and as to the extent to which Chism had any valid claim to the interference, and altho it may be that Granger will get a smaller quantity of land, by some twenty-five or even thirty-two acres, than he expected, still, as he knew that there was an interference which Chism claimed to be from twenty-five to forty acres; as his contract provided for the loss of part of the land by superior claim; as this provision was introduced, (as admitted by both parties,) expressly with reference to Chism's claim; and as it does not appear that by reason of that claim being valid to a greater extent than was supposed, and actually holding thirty-two acres of the land sold, the value of the residue and its adaptation to the purposes of residence and cultivation, which constituted, as alledged, the only objects of the purchase, is destroyed or materially impaired; and especially as the complainant asks for a rescission only in the event of the inability of Harris to

convey a perfect and superior title to the *greater part* of said land, so as to make the place a convenient home; and finally prays that the Court may "grant the rescinding of said contract or a good and perfect title to a reasonable portion of said land," we are of opinion that the mistake, as to the extent of Chism's interference, and the loss of the thirty-two acres, should it be in fact lost, is not a sufficient ground of rescission, but should produce a reduction of the purchase money only, unless Harris has, as is contended, failed to show a valid derivation of title from the patent under which he claims. The objection to his derivation of title is that the deed from the patentee to Benbrook, who conveyed to Harris, bearing date the 18th of January, 1816, is certified to have been proved in the proper office, by one of the circumscribing witnesses, on the 4th day of September, 1816, and by the other, on the 26th day of the same month, the last named day being eight days after the expiration of eight months from the date of the deed. But whatever might have been the validity of this objection, had it been made in time, we are of opinion that, as the deed was read on the trial without objection, and as its genuineness is moreover corroborated by proof of possession, according to its tenor, from about the time of its date until the trial, more than twenty-five years, it must be taken as a genuine deed and as sufficient evidence of the transfer of title from the patentee to Benbrook.

*It is too late to object to a deed in this Court, which is adduced to prove title, which was read without objection in the Circuit Court, because not proved by both witnesses thereto, within 8 months from its date, especially as possession appears to have been held under it for more than twenty-five years.*

As to the other interfering claim or claims mentioned in the pleadings, we deem it sufficient to say that, so far as exhibited, they are inferior to that of Harris, or at least barred by his possession, and that there does not seem to be the slightest ground for apprehending danger or even disturbance from them, they cannot therefore have any operation in the present controversy.

It results from this view of the case that it was erroneous to decree a rescission of the contract, and to perpetuate the injunction as to all the purchase money, even if the interference with Chism's claim is to be regarded as entirely lost to Granger, and that the proper redress in that case would be to enjoin, perpetually, so much only as would cover the fair relative value of that interference,

DENNY'S EX'RS.
*vs*
WILLIAMSONS.

or of so much of it as was not in the possession of Harris at the time of the sale to Granger, which sum, with the cost, may be assumed as not exceeding one third of the whole.

Wherefore the decree is reversed and the cause remanded with directions to dissolve the injunction, with damages, as to two thirds of the amount of the judgments enjoined, and to retain the residue until it shall be ascertained what portion of the land is virtually lost in the manner above stated, and the reasonable value thereof, for which value, with the costs, the injunction should be finally perpetuated, but dissolved with damages as to the residue.

*Caperton* for plaintiff: *Harlan & Craddock* for def'ts.